Barnard, P. J.
The facts stated in the agreed case do not show that the @4,000 mortgage given in 1859, by Willson to John A. Bunting, has ceased to have validity.
The mortgage was apparently in life in 1872, for on the twenty-eighth of February, in that year the same was assigned by the Astor Fire Insurance Company to Evelina Bunting, executrix of the mortgagee. The mortgage had been previously assigned by the mortgagee himself to the insurance company.
Ho inference can legally be drawn from the apparently nominal consideration stated in the assignment, from the insurance company to the executrix.
The title to the entire mortgage passed to the executrix. It appears that at the date of the assignment, Evelina, M. Bunting was the individual owner of the fee of the property covered by the mortgage.
On the same day she, as executrix, assigned the mortgage to the Eagleton Manufacturing Company, but the assignment stated expressly that nothing contained therein should effect a merger of the mortgage in the fee.
The fee was conveyed by Mrs. Bunting individually at the same time to the same Eagleton Manufacturing Company. From this time the submitted case is silent as to the mortgage. The Eagleton Company held the title a little over eleven years, for on the 20th of March, 1883, the case states that the company sold the same to the Hew York Wire and Wire Bope Company.
The last conveyance was made subject to §16,000 mortgage given to Sarah Eagleton, and to all other incumbrances. The facts do not show a payment.
The last appearance of the mortgage is that it was not to merge, even upon the sale to the Eagleton Company.
if the mortgage was in fact paid and the covenant against merger was made simply to keep the mortgage alive as a protection to the title, such fact is not given, but only a condition of things which might be consistent with it. The mortgage is not merged. The doctrine of merger is not favored in equity, and "the estates will be kept separate when such is the intention of the parties and justice requires it.” Smith, v. Roberts, 91 N. Y., 470.
The mortgage could have been transferred by the Eagle-ton Company at any time during the eleven years for value, and could have been kept alive by payment of interest up to the sale to the Wire Company.
*356 No agreement between these two companies could destroy it in the hands of a third person. The question as to the sufficiency of the covenant to include the $4,000 mortgage as between the two corporations is of no importance. If the Eagleton Company owned the mortgage at the time of the sale to the Wire Company, the fact is not stated. If it was a fact then, as between these two, the covenant to subject the title to all incumbrances, would embrace-this mortgage if that was the intention of the parties.
These views also dispose of the question of the statute of limitations.
The defendant is entitled to a merchantable title and free from this mortgage.
The facts given are consistent with the present validity of the same, and therefore the defendant should have judgment without costs, according to the submission.
Dykman and Pratt, JJ., concur.